UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM HAZEL,                      :
                                    :
              Petitioner            :
                                    :    CIVIL NO. 1:CV-07-0569
        vs.                         :
                                    :    (Judge Caldwell)
WARDEN TROY WILLIAMSON, *ET*        :
*AL.,*                              :
                                    :
              Respondents.          :


*M E M O R A N D U M*

*I.    Introduction.*

        Petitioner, William Hazel, an inmate at the United

States Penitentiary, Lewisburg, Pennsylvania, filed this pro se

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Hazel is challenging his 1993 convictions in the United States

District Court for the Eastern District of Virginia for

possession, distribution, and conspiracy to distribute heroin and

cocaine.  Petitioner was sentenced to life imprisonment.  He

attacks his convictions on the basis that the drug quantity that

contributed to his sentence was not charged in the indictment nor

submitted to the jury.

        Under Rule 1(b) of the Rules Governing Section 2254

Cases in the United States District Courts, 28 U.S.C.A. foll. §

2254 (West Supp. 2005), the rules governing petitions under 28

U.S.C. § 2254 can be applied to section 2241 petitions.  Rule 4 of

the section 2254 rules permits summary dismissals.[1]  We rely on

Rule 4 to dismiss Hazel's 2241 petition, finding we have no

jurisdiction over it because 28 U.S.C. § 2255, the normal

statutory route for challenging a conviction and sentence, is not

inadequate or ineffective.

II.  *Background*.

        In late 1991, Hazel and four codefendants were named "in

a fifty-count indictment that charged conspiracy and various

substantive counts of distribution of heroin, cocaine, and cocaine

base in violation of 21 U.S.C. §§ 846, 841 and 18 U.S.C. § 1952."

*United States v. Hazel*, 1994 WL 642198 at *1 (4th Cir. 1994)

(unpublished disposition).  After a jury trial, Hazel was

convicted on eleven counts, including the conspiracy count.  (Doc.

1, 2241 petition at p. 3).  He took a direct appeal to the United

States Court of Appeals for the Fourth Circuit, which affirmed the

conviction and sentence. *Hazel*, *supra*.  The Supreme Court denied

certiorari.  *See Hazel v. United States*, 514 U.S. 1087, 115 S.Ct.

1804, 131 L.3d.2d 729 (1995).

---

[1]  Rule 4 provides in pertinent part: "If it plainly
appears from the face of the petition and any attached
exhibits that the petitioner is not entitled to relief in the
district court, the judge must dismiss the petition and direct
the clerk to notify the petitioner."

Hazel filed a motion for relief under 28 U.S.C. § 2255, which the district court denied on March 14, 2003.  On appeal, the Fourth Circuit affirmed.  *United States v. Hazel*, 57 Fed. Appx. 205 (4th Cir. 2003)(per curiam) (nonprece-dential).

Hazel then filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, which was adjudicated in the Eastern District of Virginia.  That court construed the petition as a 2255 motion and dismissed it as successive.  On appeal, the Fourth Circuit affirmed, on the basis that the sentencing court had no jurisdiction over a 2241 petition since Hazel was not housed in the Eastern District of Virginia.  *See United States v. Hazel*, 204 Fed. Appx. 256 (4th Cir. 2006)(per curiam)(nonprecedential).

Petitioner then filed the current 2241 petition.

*III. Discussion.*

Hazel contends his conviction and sentence are unconstitutional because the indictment did not charge a drug quantity and the drug quantity was not submitted to the jury.  In support, Petitioner cites *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  These cases were decided well after his conviction, but apparently to avoid retroactivity problems, *see, e.g., Lloyd v. United States*, 407

F.3d 608, 610 (3d Cir. 2005) (*Booker* is not retroactive to cases

on initial collateral review), he argues that they are only

specific examples of legal principles established in earlier cases

like *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4

L.Ed.2d 252 (1960), and *In re Winship*, 397 U.S. 358, 90 S.Ct.

1068, 25 L.Ed.2d 368 (1970).[2]  He also argues that the failure to

include the drug quantity in the indictment means that the Eastern

District of Virginia lacked jurisdiction to try him as the drug

quantity was an essential element of the offenses charged.

Ordinarily, when challenging the validity of a

conviction and sentence, a federal prisoner is limited to filing a

motion pursuant to section 2255.  *Okereke v. United States*, 307

F.3d 117, 120 (3d Cir. 2002).  However, as section 2255 itself

provides, a challenge can be brought under § 2241 if it "appears

---

[2] *Booker* is the culmination of a line of cases starting with
*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d
435 (2000).  Under the Fifth and Sixth Amendments, *Apprendi*
required that any fact that increases the penalty for a crime
beyond the prescribed statutory maximum, other than the fact of a
prior conviction, must be submitted to a jury and proved beyond a
reasonable doubt.  *Id.* at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d at
455.  *Blakely v. Washington,* 524 U.S. 296, 124 S.Ct. 2531, 159
L.Ed. 2d 403 (2004), applied *Apprendi* to any factual finding
allowing a sentence increase, eliminating the statutory-maximum
element.  *Booker* extended *Blakely* to the federal sentencing
guidelines, allowing their use by the judge at sentencing only in
an advisory capacity.  The other case in this line, *Ring v.
Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), held
that the jury, rather than the judge, had to make the fact finding
necessary to impose a death sentence.

that the remedy by [a section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, *supra*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251).

Hazel attempts to employ the safety-valve provision on two grounds. First, he argues that section 2255 is inadequate or ineffective "because of the requirements and restrictions and the time frame which makes it virtually impossible for an individual, not trained in the principles of law, to satisfy the requirements" of section 2255. (Doc. 2, at p. 10). This is essentially an objection to section 2255's gatekeeping provisions. However, as

noted immediately above, the Third Circuit has said that section 2255's gatekeeping requirements do not make section 2255 inadequate or ineffective.  Second, Petitioner argues section 2255 "is inadequate because the Supreme Court had not ruled on the issues raised until after the petitioner had submitted his first petition for relief." (Doc. 1, petition, ¶ 12).  We reject this reason as well. *See Okereke, supra*, 307 F.3d at 120 (section 2241 was not available to raise an *Apprendi* claim simply because *Apprendi* had not been decided at the time the defendant had filed his 2255 motion); *Estupinan v. Nash*, 186 Fed. Appx. 196, 197-98 (3d Cir. 2006) (per curiam) (nonprecedential) (citing *Okereke* in ruling that section 2241 was not available to make a *Booker* challenge to a 1988 conviction).

Hazel is challenging the validity of his conviction and sentence.  Thus, he must proceed under section 2255.   Since Hazel has already unsuccessfully sought section 2255 relief, he must obtain certification from the appropriate Court of Appeals, in this instance the Fourth Circuit, for a second or successive section 2255 motion.  The fact that he is unlikely to secure such a certification because of procedural limitations on successive 2255 motions is not sufficient to render the section 2255 process inadequate or ineffective.

-6-

If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 2007 WL 1217952, at *1 (3d Cir. 2007) (per curiam) (nonprecedential). We therefore do not address the merits, but we will say this much. There is no merit to Hazel's claim that the trial court lacked jurisdiction over his criminal case because the indictment did not include the drug amount. *See United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860, 867 (2002) (defects in an indictment do not deprive a district court of jurisdiction to adjudicate a criminal case); *Romero v. Samuels*, 205 Fed. Appx. 967, 968 (3d Cir. 2006)(per curiam) (nonprecedential) (citing *Cotton* in rejecting an argument that section 2241 could be used after unsuccessful section 2255 proceedings when challenge to the conviction was based on a claim that indictment was jurisdictionally defective for failing to charge an offense); *See also Harris v. Warden*, 425 F.3d 386, 389 (7th Cir. 2005) (rejecting the defendant's claim that *Apprendi* and its progeny meant that the district court lacked jurisdiction to sentence him).

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 2, 2007

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM HAZEL,                          :
                                        :
                  Petitioner            :
                                        :    CIVIL NO. 1:CV-07-0569
             vs.                        :
                                        :    (Judge Caldwell)
WARDEN TROY WILLIAMSON, *ET*            :
*AL.,*                                  :
                                        :
                  Respondents.          :


*O R D E R*

        AND NOW, this 2nd day of July, 2007,  it is ordered
that:

        1.    The petition for writ of habeas
              corpus under 28 U.S.C. §2241 (doc.
              1) is dismissed for lack of
              jurisdiction.

        2.    The Clerk of Court is directed to
              close this case.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge